IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 6, 2009

Charles R. Fulbruge III
Clerk

No. 08-10415
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GENOVEVO CHACON-MARQUEZ

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:07-CR-75-ALL

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Genovevo Chacon-Marquez pleaded guilty to illegal reentry after deportation. The presentence report (PSR) recommended a base offense level of eight pursuant to U.S.S.G. § 2L1.2(a) and an increase of eight levels pursuant to § 2L1.2(b)(1)(C) based upon his previous Arizona conviction for Aggravated Driving Under the Influence (DUI). Chacon-Marquez argues that the district court erred in treating his Arizona conviction for Aggravated DUI federal drug conviction as an "aggravated felony" under § 2L1.2.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pursuant to § 2L1.2(b)(1)(C), a defendant's base offense level for the conviction of illegal reentry is enhanced by eight levels if the defendant has previously been convicted for an "aggravated felony." "For the purposes of subsection (b)(1)(C), 'aggravated felony' has the meaning given that term in section 101(a)(43) of the Immigration and Nationality Act (8 U.S.C. § 1101(a)(43)), without regard to the date of conviction for the aggravated felony." § 2L1.2, comment. (n.3(A)). Section 1101 provides, in pertinent part, that crimes of violence as defined under 18 U.S.C. § 16 constitute aggravated felonies. § 1101(a)(43)(F). In United States v. Chapa-Garza, 243 F.3d 921, 927 (5th Cir. 2001), this court held that a felony DUI was not a crime of violence as defined by 18 U.S.C. § 16.

The Government has confessed error on this point and requests that the sentence be vacated and the case remanded for resentencing. We agree. The Government's motion to vacate and remand is GRANTED. The Government's motions for dismissal or summary affirmance and extension of time are DENIED.

Chacon-Marquez's sentence is VACATED, and the case is REMANDED to the district court for resentencing. As Chacon-Marquez's sentence has been vacated there is no need to discuss or preserve any other issues related to that sentence.